*Isaac Leisy & Co. v. Jacob Zuellig.

BURDEN OF PROOF—EVIDENCE BY DEFENDANT OF A DIFFERENT CONTRACT FROM THAT SUED UPON.

In an action brought on a contract which was claimed to be absolute, but denied by the answer; the evidence introduced by the defendants tending to show a conditional contract: *Held*, That the burden of proof did not shift, and that the court erred in charging the jury, that the burden of proof was upon the defendants to prove that the contract was a conditional one.

UPSON, J.

This is a petition in error brought to reverse a judgment of the court of common pleas. Two grounds of error are assigned; the first, that the verdict of the jury was against the weight of the evidence, and the second that the court erred in its charge to the jury.

Upon the first question we are not so well satisfied that the verdict was clearly against the weight of the evidence as to reverse the judgment upon that ground.

The second error assigned that the court erred in its charge to the jury arises in this way: The original action was a case brought by Jacob Zuellig against Isaac Leisy & Company, in which it was claimed that Zuellig had sold certain property to a man named Stapf, for which he owed Zuellig the sum of two hundred and forty-two ($242) dollars, or about that sum; that Stapf afterward sold out his establishment to Isaac Leisy & Company, and that as a part of the consideration to be paid by Isaac Leisy & Company to Stapf, they agreed to assume and

---

*This decision is cited as authority in Platt v. Scrioner, 9 Circ. Dec., 771, 777.

pay this indebtedness by Stapf to Zuellig, the plaintiff in the court below, claiming that to be an absolute agreement on the part of Isaac Leisy & Company to pay that amount as a part of the consideration for the property purchased by Isaac Leisy and Company of Stapf.

The answer, so far as it is related to this particular point, was an absolute denial of the statements of the petition, but upon the trial, after evidence had been introduced by Zuellig to show the making of the agreement on the part of Isaac Leisy & Company, evidence was introduced by Leisy & Company to show that while they had made no absolute agreement, they had made some kind of a contract with Stapf, which they claimed to be conditional and not absolute; and they claimed that the conditions of the contract had not been fulfilled, and that therefore they were under no obligations to pay the debt due from Stapf to Zuellig.

Upon that state of the evidence the court charged the jury as follows: "The testimony has taken a little wider range than the issue. It was probably competent under the issue, to show, and defendants admit that they did make some kind of bargain with Stapf to pay this claim; but have undertaken to show you that it was a conditional bargain and that that condition under which he was to pay, has never been fulfilled. Now I think the burden of proof is upon the defendant on that, as a defense. He must show you that the contract was as he says; that the conditions under which he was to pay have not occurred, have not transpired."

In the giving of this charge to the jury to which exception was taken specifically at the time of the charge, we think the court clearly erred in saying that the burden of proof was upon the defendant to prove that the contract was a conditional one. The suit was brought upon an absolute contract which was denied by the answer, and that was the only issue so far as that part of the case was concerned, which was submitted to the jury. The evidence introduced by the defendants to show that the contract was not an absolute contract, but only a conditional contract, was entirely immaterial, except so far as it bore upon the evidence of an absolute contract. It was sufficient for the defendants to show that the evidence introduced on the part of the plaintiff was not sufficient to establish an absolute contract; and this evidence of a conditional contract was only important as casting doubt upon the making of an absolute contract. It should have been left by the court to the jury to say whether upon the whole evidence, that of the plaintiff and the defendants, they were satisfied that such a contract had been made by the defendants, as was set out in the plaintiff's petition and denied in the defendant's answer.

For this error of the court below the case must be remanded to the court of common pleas for a new trial. Judgment reversed.